*E-Filed 1/22/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL LARS BREW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK CLYNE,<br><br>　　　　Defendant.<br>_____ / | No. C 15-4795 RS (PR)<br><br>**ORDER DENYING GUARDIAN AD LITEM MOTION;**<br><br>**ORDER DENYING MOTION TO DISQUALIFY;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a state prisoner convicted on charges of murdering a child and endangering and abducting others,[1] asks the Court to appoint him guardian at litem on behalf of 15 minors (John and Jane Does 14–28 and 31), all of whom he alleges are his friends and were, like him, injured by Patrick Clyne, formerly a physician at the Santa Clara Valley Medical Center. He also moves to disqualify nearly all the judges in this district with the exception of Judge Thelton Henderson, whom he asks to preside over this action. His motions are DENIED and the complaint is DISMISSED with leave to file an amended complaint on or before March 1, 2016.

## DISCUSSION

### I.   Guardian Ad Litem Motion

A federal district court can appoint a guardian ad litem or "issue another appropriate order" to protect the interests of an unrepresented minor or incompetent. Fed. R. Civ. P. 17(c). The person appointed must be an "appropriate alter ego" for the minor or

---

[1] *People v. Brew*, No. H033658, 2014 WL 1619034 *1 (Cal. Ct. App. Apr. 23, 2014).

No. C 15-4795 RS (PR)
ORDER DISMISSING COMPLAINT

incompetent. *T.W. by Enk v. Brophy*, 124 F.3d 893, 896 (7th Cir. 1997).  If no qualified relation is available, a non-relative, such as a family friend, may be appointed. *Id.* Under "desperate circumstances," a court may appoint a stranger whom it finds suitable. *Id.* A nonattorney parent or guardian cannot bring a lawsuit on behalf of a minor without retaining a lawyer, however.[2]  *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[w]here they have claims that require adjudication, [minors] are entitled to trained legal assistance so their rights may be fully protected").

Plaintiff's motion to be appointed guardian ad litem (Docket No. 3) is DENIED. First, he cannot bring a lawsuit on behalf of a minor without retaining a lawyer. *Johns*, 114 F.3d at 876.  Second, while it is appropriate under certain circumstances to appoint a guardian ad litem for a <u>single</u> child, this Court cannot see how one nonattorney guardian can protect adequately the interests of 15 children.  Third, plaintiff has not shown that he is an appropriate alter ago for the children.  He is not a parent or a relation, and the only reason he gives in support of his application is that he is a friend of the children.  (Docket No. 3 at 1.) He provides no details on how he knows the children or why he, as opposed to anyone else, should be appointed to look after their interests.  Also, the limitations imposed by his imprisonment would make it highly difficult, if not impossible, for him to protect the children's interests adequately.  Furthermore, Clyne provided evidence to the prosecutor in plaintiff's criminal trial on charges of murdering a child, and is named in plaintiff's federal habeas petition challenging his resulting conviction.  (*Brew v. Lackner*, No. 15-4779 JSW, Docket No. 1.)  Such a fact raises a question whether plaintiff, if appointed as guardian, would act in the children's interests or in his own.

Because plaintiff cannot proceed as guardian ad litem, he has no standing to bring this action as instituted.  He may proceed only if he can state a claim that Clyne injured <u>him</u>.

---

[2] Some federal statutes create an exception to this rule for parents where the interests of the parent and child are "closely intertwined." *See, e.g., Kennedy v. Secretary of Health & Human Services*, 99 Fed. Cl. 535, 546–47 & n.18. Plaintiff does not qualify under this exception because he is not the parent of any of the Doe plaintiffs, nor does it appear that any statutory exception would otherwise apply here.

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before March 1, 2016.

The amended complaint must include the caption and civil case number used in this order (15-4795 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint(s), plaintiff must include in his amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## II.   Motion to Disqualify

Plaintiff moves to disqualify nearly all the judges in the Northern District, with the exception of Judge Thelton Henderson, whom he asks to preside over this action. (Docket No. 4.) Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavit legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Plaintiff's motion to disqualify is DENIED. First, plaintiff cannot move to disqualify a judge who is not presiding over his action. 28 U.S.C. § 144 (motion is filed to disqualify "the judge before whom the matter is pending"); *id.* § 455 (federal judge must disqualify himself "in any proceeding in which his impartiality might be questioned"). Second, his papers contain conclusory, undetailed allegations. These are in no way adequate to establish any basis, under either § 144 or § 455, that the Court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law.

## CONCLUSION

Plaintiff's motion to be appointed guardian ad litem (Docket No. 3) and his motion to disqualify (Docket No. 4) are DENIED. The complaint is DISMISSED with leave to file an amended complaint on or before March 1, 2016 in accordance with the instructions provided above. The Clerk shall terminate Docket Nos. 3 and 4.

**IT IS SO ORDERED**.

DATED: January 21, 2016

RICHARD SEEBORG
United States District Judge